J-S09002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSE CARPENA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANNA DEL VALLE | : | |
| | : | |
| Appellant | : | No. 2586 EDA 2019 |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): January Term, 2019 No. 1438

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED APRIL 24, 2020**

Appellant, Anna Del Valle, appeals *pro se* from the order entered July 30, 2019, denying her petition to open default judgment. For the reasons that follow, we quash this appeal.

The trial court summarized the factual and procedural history of this case as follows:

> This appeal arises from an October 21, 2015, tax sale of a property ("2015 Tax Sale"), located at 191 Rosemar Street, Philadelphia, PA 19120 ("Subject Property"). Appellant currently resides at the Subject Property. Jose Carpena ("Appellee") is an adult individual residing at 1635 Germantown Avenue, Philadelphia, Pennsylvania 19126.
>
> In 2015, Appellant was the record owner of the Subject Property. On October 21, 2015, the subject property was sold for $22,500.00 at tax sale under the caption City of Philadelphia v. Anna Del Valle, Case# 1504T0341. On December 10, 2015,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed a Motion to Redeem Premises. On May 13, 2016, the Appellant's Motion to Redeem was granted. The court's May 13, 2016, order required Appellant to pay the third party purchaser $22,500 to redeem the Subject Property.

The Appellant was unable to acquire the required funds. Sometime around October 2016, Appellee approached Appellant with the following offer: (1) Appellee would give $22,500 to Appellant to pay the redemption price to the third party purchaser; and, (2) Appellant would ensure that the property would be deeded from the third party purchaser to Appellee shortly thereafter (the "October 2016 Agreement"). Appellant accepted the offer and paid the redemption price to the third party purchaser. On October 21, 2016, title of the Subject Property was transferred directly to the Appellant and the deed was recorded on December 23, 2016. Title was never transferred to the Appellee, as per the October 2016 Agreement, nor has Appellant reimbursed Appellee the $22,500.

On January 17, 2019, Appellee initiated the underlying quiet title action (the "2019 Quiet Title Action"). On January 17, 2019, the Appellee filed a Writ of Summons which was personally served upon Appellant. On April 3, 2019, Appellee's complaint in quiet title was served upon Appellant by First Class Mail. On May 14, 2019, Appellee filed a Praecipe to Enter Default Judgment with the Office of Judicial Records of the City of Philadelphia. (Attached as Exhibit A).

On May 16, 2019, Appellee filed a Motion to Enter Default Judgment with the Trial Court. (Attached as Exhibit B). On June 13, 2019, the trial court granted the Appellee's May 16, 2019, Motion to Enter Default Judgment (the "June 13th Default"). (Attached as Exhibit C). On June 21, 2019, Appellant filed a Petition to Open the June 13th Default (the "June 21st Petition to Open"). (Attached as Exhibit D). On July 30th, 2019, the trial court denied Appellant's Petition to Open.

On August 1, 2019, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania. On August 5, 2019, per Pa. R.A.P. 1925(b), the trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal within twenty-one (21) days. On August 20, 2019, Appellant timely filed a Statement of Matter Complained of on Appeal.

Trial Court Opinion, 10/4/19, at 1-2.

Appellant filed what we liberally construe to be an appellate brief. The "brief" consists essentially of a two-page letter addressed to this Court, attempting to explain the facts surrounding this matter. Appellant's Brief at 1-2. Attached to the letter are three statements from individuals alleged to have been involved and multiple legal filings from this case. *Id.* at 3-21 (unnumbered).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief. *See* Pa.R.A.P. 2111–2119 (setting forth in detail the required content of appellate briefs). Substantial deviations from the rules governing appellate briefs are sufficient grounds to suppress an appellant's brief and quash or dismiss an appeal. Pa.R.A.P. 2101; *see Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa. Super. 2006) (explaining that significant "[d]eviations from the rules governing appellate briefs . . . are sufficient grounds to suppress [an appellant's brief] and quash the appeal.").

Furthermore, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* at 1212. Accordingly, a litigant's

*pro se* status does not relieve him of the duty to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

Herein, Appellant's *pro se* filing is woefully insufficient to meet the requirements of an appellant's brief as outlined by our Rules of Appellate Procedure. Most glaring is Appellant's failure to include a statement of questions involved as required by Pa.R.A.P. 2116. We have explained that the lack of a statement of questions involved, along with other deficiencies, renders an appellant's filing inadequate to present specific issues for review. ***Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006). In ***Branch Banking & Trust***, this Court found the appellant's failure to include a statement of questions involved in its brief "most troubling" in light of the language of Pa.R.A.P. 2116. ***Id.*** at 942.[1] Thus, we concluded that the absence of a statement of questions involved is a significant impediment to our judicial review. ***Id.*** In the case *sub judice*, Appellant's failure to present a statement of questions involved in her brief precludes our review of any issues.

---

[1] We note that the language of Pa.R.A.P. 2116 at the time ***Branch Banking & Trust*** was decided differs from the current language of Pa.R.A.P. 2116, which became effective with the 2013 amendments. ***See*** Pa.R.A.P. 2116, note. However, Pa.R.A.P. 2116(a) currently includes the following dictate: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Furthermore, Appellant fails to present any cogent legal arguments or legal citations in support of her argument.  She also does not reference the record in support of her argument.  In fact, Appellant fails to comply in any way with our rules of appellate procedure regarding an appellant's brief.  Pa.R.A.P. 2111, 2114-2119.  Because of the considerable defects, we are unable to perform effective appellate review.  Accordingly, we are constrained to quash Appellant's appeal for failure to comply with our Rules of Appellate Procedure.  ***See Branch Banking & Trust***, 904 A.2d at 942-943 ("we decline to become the appellant's counsel.  When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof.").  Furthermore, as outlined above, Appellant's *pro se* status does not relieve her of the duty to follow the Pennsylvania Rules of Appellate Procedure.  ***Jiricko***, 947 A.2d at 213 n.11.  As such, we are compelled to quash Appellant's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/20

- 5 -